UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
United States of America

          v.

Donald George Brown,

                Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
96-CR-00149 (DG)

DIANE GUJARATI, United States District Judge:

Familiarity with the lengthy procedural history and the background of this case is assumed herein.[1]

Pending before the Court is the motion for compassionate release (the "Motion") brought by Defendant Donald George Brown, proceeding *pro se*, seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)"), *see* ECF No. 507, which motion is opposed by the Government, *see* August 30, 2024 Letter ("Gov't Br."), ECF No. 509.[2]  Defendant is serving, *inter alia*, eight concurrent life sentences.  *See* Gov't Br. at 2-3 (discussing sentencing and subsequent appeals).

---

[1]  United States District Judge Raymond J. Dearie presided over this case for many years.  *See generally* docket.  The case was reassigned to the undersigned on August 2, 2024.  *See* August 2, 2024 Order.

[2]  Although the Motion is titled "Motion to Reinstate Petition for Compassionate Release and Reduction of Sentence Under the First Step Act of 2018," it appears that Defendant intends the Motion to be a new motion for compassionate release.  *See, e.g.*, Reply in Support of Motion for Compassionate Release ("Reply") at 1, ECF No. 510 (referring to the Motion as a "motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)"); *see also* Gov't Br. at 1 & n.1 (construing the Motion as a new motion for compassionate release, indicating that such construction is in Defendant's favor).  By Memorandum & Order dated May 28, 2021, Judge Dearie denied Defendant's prior motion for a reduction in sentence.  *See* ECF No. 493.  The Court notes that whether the instant motion is viewed as a motion to reconsider Judge Dearie's May 28, 2021 Memorandum & Order or is viewed as a new motion for compassionate release does not affect the Court's conclusion, discussed further below, that a reduction in sentence is not warranted.

As set forth below, the Motion is denied.

## DISCUSSION

As relevant here, Section 3582(c) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*See* 18 U.S.C. § 3582(c)(1)(A)(i).

"[D]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Antney*, No. 17-CR-00229, 2021 WL 4502478, at *1 (E.D.N.Y. Sept. 30, 2021) (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).

"The burden of showing that the circumstances warrant a sentence reduction is on the defendant." *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024); *see also Antney*, 2021 WL 4502478, at *2. Here, Defendant has not met his burden.

In support of his request for a sentence reduction, Defendant argues that "his sentence is unusually long and disproportionate under the November 2023 amendments to the United States Sentencing Guidelines, specifically U.S.S.G. § 1B1.13(b)(6);" that "the changes in sentencing law, coupled with [Defendant's] significant rehabilitation and the evolving standards of justice, present extraordinary and compelling reasons for a sentence reduction;" that the "primary question before the Court is not whether [Defendant's] past actions were serious – they undoubtedly were – but whether, in light of his demonstrated rehabilitation, the current legal

standards, and the purposes of sentencing, the continuation of a life sentence remains just,

necessary, and appropriate;" and that "[a] thorough consideration" of the factors set forth in 18

U.S.C. § 3553(a) ("Section 3553(a)") "supports [Defendant's] motion." *See* Reply at 1-2, 5.

Defendant further argues:

Mr. Brown has served a substantial portion of his sentence, has made significant efforts toward rehabilitation, and faces an unusually long sentence that no longer aligns with modern standards of justice. A reduced sentence, whether to time served or a term of years, would honor the progress he has made while ensuring that the purposes of sentencing are met.

Releasing Mr. Brown would not diminish the seriousness of his past actions but would instead recognize the power of rehabilitation and the capacity for change, principles that are foundational to the American legal system.

*See* Reply at 8; *see also* Motion at 22 (arguing that Defendant's case "presents extraordinary and

compelling circumstances justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i),

and the § 3553(a) factors support a sentence reduction to time served"), 24-25 (requesting that

the Court "reduce [Defendant's] sentence to the time served to be followed by three years of

supervision" and asserting that "[t]his is support[ed] by [his] good conduct for the last 17-

years").

The Government argues that the Motion should be denied "because the defendant has

failed to show extraordinary and compelling reasons justifying release" and the Government

asserts that "[a]lthough the defendant is correct that the Guidelines are now advisory, the

defendant cannot show that his sentence is unusually long and that there is now a gross disparity

between the sentence he is serving and the sentence likely to be imposed now." *See* Gov't Br. at

4-5 (footnote omitted). In this regard, the Government argues:

[G]iven that federal law now requires a mandatory life sentence for the statute the defendant was convicted of, and provides for a Guidelines range of life imprisonment, and many defendants convicted of first degree murder do in fact

3

receive a life sentence, a life sentence in this particular case, where numerous aggravating factors were present (including that the defendant committed six "horrific" and "senseless" murders), is not an "unusually long" sentence and compassionate release on that basis is not warranted.

*See* Gov't Br. at 7.[3]

The Government further argues:

Even assuming the Court held that the defendant's life sentence was unusually long compared to other defendants, the Section 3553(a) factors weigh decidedly against release. . . . [T]he defendant was the principal enforcer of a deadly drug gang. The defendant senselessly and brutally killed numerous victims to further his drug organization. The defendant's conduct was not aberrational, nor were these killings heat of the moment mistakes. The defendant and his co-conspirators ruthlessly carried out acts of violence in a premeditated fashion to further the goals of their drug organization, killing at least six individuals in the process (including his own girlfriend) and committing numerous other crimes.

*See* Gov't Br. at 7. And the Government argues that a "sentence of life imprisonment is necessary to reflect the seriousness of this conduct and provide just punishment, to deter the defendant from engaging in further crimes, and to send a message to the public that the potential repercussions of horrific and sustained acts of violence in furtherance of a drug trafficking organization can be a sentence of life imprisonment, which is . . . a sentence within the Guidelines range as provided by the United States Sentencing Commission." *See* Gov't Br. at 7. The Government "commends the defendant's efforts at rehabilitation as set forth in the numerous attachments to his motion" but argues that "this rehabilitation is not an extraordinary reason warranting release nor does it outweigh all the other Section 3553(a) factors which demonstrate that the original sentence of life imprisonment is sufficient and not greater than necessary given

---

[3] The Government also argues that the Court need not reach the issue of whether "the 125-year sentence on the 924(c) counts is grossly disparate" in light of the fact that Defendant is not entitled to compassionate release from his eight concurrent life sentences. *See* Gov't Br. at 5 n.3.

the horrific crimes that the defendant repeatedly committed." *See* Gov't Br. at 7.

* * *

Upon consideration of the applicable law and the record to date, including the parties'

submissions, the Motion is denied.

The Court's consideration of the factors set forth in Section 3553(a) to the extent that

they are applicable, *see* 18 U.S.C. § 3582(c)(1)(A), compels the Court to conclude that the

Motion should be denied.[4]  As reflected in the record, Defendant was convicted of numerous

extremely serious offenses, including multiple murders.  As Judge Dearie noted at the time of

sentencing, Defendant's crimes were "senseless," "horrific," and "calculated" rather than

spontaneous and they "served the purpose of furthering the interests of the organization."  *See*

Transcript of April 16, 1999 Sentencing ("Tr.") at 21, ECF No. 318; *see also* Tr. at 22 (Judge

Dearie referring to "such extraordinary violence" committed in "such a routine fashion"); Gov't

Br. at 2; Presentence Investigation Report, ECF No. 468.  The Section 3553(a) factors to the

extent that they are applicable weigh *strongly* against granting the relief sought.  Granting the

requested relief would undermine the need for the sentence to reflect the seriousness of the

offenses, to promote respect for the law, to provide just punishment for the offenses, to afford

adequate deterrence to criminal conduct, and to protect the public from further crimes of

Defendant.  A reduction in sentence here would result in a sentence that is not sufficient to serve

the purposes of sentencing that must be served and Defendant's arguments to the contrary – *e.g.*,

---

[4] Although Defendant does not appear to expressly discuss the issue of exhaustion of administrative remedies in the Motion, Defendant does include documents relevant to the issue of exhaustion and the Government does not appear to argue that Defendant has failed to satisfy the exhaustion requirement of Section 3582(c).  The Court therefore assumes for present purposes that Defendant has satisfied the exhaustion requirement.

that "[t]he almost thirty-years Defendant has served is just punishment," *see* Motion at 6, and

that Defendant's "present-day characteristics and post-sentencing history weigh heavily in favor

of release," *see* Motion at 8 – are unavailing on the facts here.  Notwithstanding that Defendant

appears to have undertaken significant rehabilitative efforts, the sentence imposed remains

sufficient but not greater than necessary.[5]

**CONCLUSION**

For the reasons set forth above, Defendant's Motion, ECF No. 507, is DENIED.

The Clerk of Court is directed to mail a copy of this Order to Defendant.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated:  October 18, 2024
        Brooklyn, New York

---

[5] The Court finds unpersuasive Defendant's assertion that he has demonstrated "extraordinary and compelling reasons."  The Court need not, however, conclusively determine whether Defendant has demonstrated extraordinary and compelling reasons because the Motion fails here in light of the Court's consideration of the Section 3553(a) factors.  *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that "[w]hen a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction"); *United States v. Johnson*, No. 21-241-CR, 2022 WL 102075, at *2 (2d Cir. Jan. 11, 2022) (stating that "because a § 3553(a) assessment favorable to the defendant is a necessary and independent requirement for a sentence reduction, a district court may deny relief in the absence of such a favorable assessment even without conclusively deciding that a defendant has proffered extraordinary and compelling reasons for relief"); *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

6
